IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KARLA JO CUVELIER,<br><br>    Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY, Agent of Carolyn W. Colvin,<br><br>    Defendant. | **No. 12-CV-3043-DEO**<br><br>**ORDER** |

This matter is before the Court upon "Plaintiff's Attorney's Petition For Attorney Fees Under 42 U.S.C., Section §406(b)(1)" (Docket No. 23), requesting attorney fees in the amount of $14,597.15. The Defendant has filed, "Defendant's Response To Plaintiff's Motion For Attorney Fees Pursuant To The Social Security Act" (Docket No. 26) stating "the maximum amount that the Court should allow for attorney fees under section 406(b) is $14,042.75."

This Court previously Ordered EAJA fees pursuant to 28 U.S.C. § 2412(d), payable to plaintiff in accordance with the agreed upon EAJA amount of $5,550.00, to be paid by the Social Security Administration; and reimbursement of the $350.00

filing fee, payable from the Judgment Fund administered by the United States Treasury, 28 U.S.C. § 2412(a) (Docket No. 21).[1]

The application now before the Court is filed pursuant to 42 U.S.C. §406(b) and states: (1) Plaintiff received an award letter of total benefits to be paid in the amount of $58,388.60, of which $14,042.75 was withheld for attorney fees;[2] (2) Counsel will reimburse the Plaintiff in the amount of $5,550.00 representing the Equal Access to Justice Act judgment fee.[3]

Defendant's response appropriately states:

---

[1] The Court record notes a satisfaction of this amount, filed on October 29, 2013 (Docket No. 27).

[2] Plaintiff's motion requests attorney fees in the amount of $14,597.15. As thoroughly explained in Defendant's responsive pleading (Docket No. 26), and as is now agreed to by Plaintiff (verified through separate email correspondence), the 25% of attorney fees calculated on past due benefits is not related to the date of the Commissioner's award letter. "The period of past-due benefits is defined as the period through the month before the month of the court's decision awarding benefits. *See* Program Operating Systems Manual GN 03920.060(B)(1) (citation omitted). . . . In this case, the Court's judgment and order awarding benefits were dated March 6, 2013. . . . Accordingly, the past-due benefits period in this case is from April 2006 through February 2013, the month *prior* to the Court's order. For that withholding period, plaintiff received $56,171.00 in benefits. Twenty-five percent of that past-due benefits period amount is $14,042.75." (Docket 26, p. 2-3).

[3] Itemization of counsel's hours expended provided for at Docket No. 23-1.

2

> Additionally, as plaintiff's counsel recognizes, he previously applied for and was awarded fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $5,500.00. See Doc. 23-1 at 1. As plaintiff's counsel further recognizes, Congress has precluded double-dipping, i.e., receipt of attorney fees for the same services under the EAJA and the Social Security Act, and smaller of the fees for the same work under EAJA and the Social Security Act must be refunded to the plaintiff.

Docket No. 26.

As mentioned, plaintiff recognizes that a return of the EAJA amount to the plaintiff is appropriate if the award is granted under §406(b).

**IT IS THEREFORE HEREBY ORDERED** that plaintiff's motion for fees (Docket No. 23) is **granted in part**. Plaintiff is awarded attorney fees pursuant to 42 U.S.C. §406(b) in the adjusted, agreed upon amount of $14,042.75. As discussed above, Plaintiff's counsel shall refund to the plaintiff the previously awarded (smaller) EAJA fee amount of $5,550.00.

**IT IS SO ORDERED** this 14th day of November, 2013.

                                                                        _/s/ Donald E. O'Brien_
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa